HARRIS et al. v. CITY OF ST. JOSEPH.

(Circuit Court, W. D. Michigan, S. D.   January 15, 1900.)

MUNICIPAL CORPORATIONS—CONTRACT—VALIDITY OF ORDINANCE.

Under a city charter which does not require the signature of the mayor to an ordinance, but makes it effective unless vetoed within a certain number of days, an ordinance is conditionally valid from its passage; and where it authorizes a contract, and the contract is entered into before the expiration of the time allowed for a veto, such contract is not void, but, on the expiration of the time without a disapproval of the ordinance by the mayor, becomes valid and binding from the beginning, and cannot be affected by a subsequent attempt by the city to rescind it or to repeal the ordinance.

This was an action to recover damages for the breach of a contract made by the defendant to sell to the plaintiff certain bonds which it had by ordinance of its common council determined to issue for the purpose of refunding former indebtedness of the city. The defense was, among other things, that the bonds were issued before the ordinance authorizing the contract had become operative. A verdict and judgment having passed for the plaintiff, the defendant moved for a new trial.

Gore & Harvey, for plaintiffs.
Charles W. Stratton, for defendant.

SEVERENS, District Judge. The contention of counsel for the defendant is that the ordinances of October 12, 1898, had not become operative when the contract upon which this suit is brought was made, and that therefore the contract was without valid support when made, and is void. The charter of the city of St. Joseph (see section 3084, Comp. Laws 1897) does not require the signature of the mayor to the record of the proceedings of the common council, as a condition to the validity of an ordinance or resolution passed by it. The case, therefore, differs from those in which the charter expressly requires his signature as a condition to the ordinance or resolution taking effect. By the charter of St. Joseph, the ordinances of the common council have effect without the mayor's sig-

nature, unless within a certain time the mayor signifies his dissent. In this case the mayor did not disapprove, but in fact concurred in, the action taken, though he did not sign the record. The ordinances for calling in the old bonds, and contracting for the sale of new ones to refund them, were passed on October 12, 1898. Not until the 18th of October was there any repudiation of what had been done, and the mayor had taken no action by way of vetoing the ordinances of the 12th. At that time—the 18th of October—the common council was tendered a better bargain, which was thereupon accepted. My opinion is that the proceedings of the common council and the contract with the plaintiff of the 12th of October were parcels of one transaction, and that they were conditionally valid from the date of the transaction, the condition being that the mayor did not within the time allowed by the charter veto the ordinances, and that when that time elapsed the condition fell, and the proceedings became valid ab initio. They had become valid before the 18th, when the common council undertook to rescind them,—a thing which the common council had then no power to do. As this is the only ground on which a new trial is asked, the conclusion follows that the motion should be denied.